1  G. Mark Albright (Nevada Bar No. 1394)
**ALBRIGHT, STODDARD,**
2  **WARNICK & ALBRIGHT**
3  801 S Rancho Dr., Suite D4
Las Vegas, Nevada 89106
4  Telephone: (702) 384-7111
Facsimile: (702) 384-0605
5  Email: gma@albrightstoddard.com

6  *Proposed Liaison Counsel for the Class*

7  Christopher J. Keller
8  Eric J. Belfi
Francis P. McConville
9  **LABATON SUCHAROW LLP**
140 Broadway
10  New York, New York 10005
Telephone: (212) 907-0700
11  Facsimile: (212) 818-0477
Emails: ckeller@labaton.com
12          ebelfi@labaton.com
13          fmcconville@labaton.com

14  *Counsel for Proposed Lead Plaintiff*
15  *ODS Capital LLC and Nantahala Capital*
*Management, LLC and Proposed Lead*
16  *Counsel for the Class*

17  **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
18

| | |
|---|---|
| 19  LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS | Case No. 2:18-cv-01355-APG-CWH |
| 20  PENSION FUND, Individually and on Behalf of All Other Similarly Situated, | **CLASS ACTION** |
| 21  Plaintiff, | **MOTION OF ODS CAPITAL LLC AND NANTAHALA CAPITAL MANAGEMENT,** |
| 22  v. | **LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF** |
| 23  DIAMOND RESORTS INTERNATIONAL, | **SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT** |
| 24  INC., DAVID BERKMAN, STEPHEN J. CLOOBECK, RICHARD M. DALEY, | **THEREOF** |
| 25  FRANKIE SUE DEL PAPA, JEFFREY W. JONES, DAVID PALMER, HOPE S. | |
| 26  TAITZ, ZACHARY D. WARREN, and ROBERT WOLF, | |
| 27  Defendants. | |

28

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     PRELIMINARY STATEMENT ................................................................................. 2

II.    FACTUAL BACKGROUND ...................................................................................... 3

ARGUMENT ......................................................................................................................... 6

I.     ODS CAPITAL AND NANTAHALA CAPITAL SHOULD BE
       APPOINTED LEAD PLAINTIFF ............................................................................. 6

       A.    The PSLRA Standard For Appointing Lead Plaintiff ........................................ 6

       B.    ODS Capital And Nantahala Capital Are The "Most Adequate
             Plaintiff" ........................................................................................................ 7

             1.    ODS Capital And Nantahala Capital Satisfied The
                   PSLRA's Procedural Requirements ......................................................... 7

             2.    ODS Capital And Nantahala Capital Have The Largest
                   Financial Interest In The Outcome Of The Action ................................... 7

             3.    ODS Capital And Nantahala Capital Otherwise Satisfy
                   Rule 23's Typicality And Adequacy Requirements ................................. 8

             4.    Congress Expressly Intended Institutional Investors Like
                   ODS Capital And Nantahala Capital To Be Appointed As
                   Lead Plaintiff ........................................................................................ 9

II.    THE COURT SHOULD APPROVE ODS CAPITAL AND
       NANTAHALA CAPITAL'S CHOICE OF COUNSEL ............................................. 12

CONCLUSION .................................................................................................................... 13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Bruce v. Suntech Power Holdings Co.*,
   No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ................................. 11

5

6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ......................................................................................... 7, 12

7

*In re Cohen v. U.S.*,
   586 F.3d 703 (9th Cir. 2009) ................................................................................................ 12

8

9

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) .................................. 10

10

11

*Johnson v. OCZ Tech. Grp., Inc.*,
   No. CV 12-05265RS, 2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ................................... 10, 11

12

*Markette v. XOMA Corp.*,
   No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) .............................. 10

13

14

*In re MGM Mirage Sec. Litig.*,
   No. 2:09-cv-01558-GMN-LRI, 2010 WL 4316754 (D. Nev. Oct. 25, 2010) ....................... 8

15

16

*Perlmutter v. Intuitive Surgical, Inc.*,
   No. 10-CV-3451-LTK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) .................................. 10

17

*Richardson v. TVIA, Inc.*,
   No. C 06 06304-RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............................. 7, 8

18

19

*In re Spectrum Pharm., Inc.*,
   No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162 (D. Nev. Mar. 20, 2014) .................. 7

20

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ................................................................................................... 8

21

22

*Stocke v. Shuffle Master, Inc.*,
   No. 2:07-CV-00715-KJD-RJJ, 2007 WL 4262723 (D. Nev. Nov. 30, 2007) .................... 8, 9

23

24

*In re Versata, Inc., Sec. Litig.*,
   No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ............................... 10, 11

25

**Rules & Statutes**

26

Fed. R. Civ. P. 23 .................................................................................................... *passim*

27

15 U.S.C. § 78n(e) ...................................................................................................... 2

28

15 U.S.C. § 78t(a) ................................................................................................ 2

15 U.S.C. § 78u-4(a) *et seq.*............................................................................. *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.)........................................................................ 12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-1963 (S.D.N.Y.) ...................................................................... 12

*In re Countrywide Fin. Corp. Sec. Litig.*,
    No. 07-cv-5295 (C.D. Cal.) ....................................................................... 12

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
    No. 10-cv-03461 (S.D.N.Y.)................................................................. 12, 13

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N 730. .................... 9, 10, 12

Manual For Complex Litigation (Fourth) § 10.221 (2004). ......................................... 13

## NOTICE OF MOTION AND MOTION

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that movants ODS Capital LLC ("ODS Capital") and Nantahala Capital Management, LLC ("Nantahala Capital"), respectfully move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing ODS Capital and Nantahala Capital as Lead Plaintiff on behalf of shareholders who held, sold or tendered Diamond Resorts International, Inc. ("Diamond" or the "Company") common stock, or derivative securities convertible into, exercisable for, or exchangeable against Diamond common stock, from the period beginning on July 14, 2016 through September 1, 2016 (the "Class Period"); and (2) approving ODS Capital and Nantahala Capital's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Albright, Stoddard, Warnick & Albright ("Albright Stoddard") as Liaison Counsel for the Class.

This Motion is made on the grounds that ODS Capital and Nantahala Capital believe they are the "most adequate plaintiff" under the PSLRA, and should therefore be appointed Lead Plaintiff. Specifically, ODS Capital and Nantahala Capital believe they have the "largest financial interest" in the relief sought by the Class in this litigation. ODS Capital and Nantahala Capital are the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA because they are sophisticated institutional investors with a substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel. ODS Capital and Nantahala Capital also otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of G. Mark Albright ("Albright Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    PRELIMINARY STATEMENT

ODS Capital and Nantahala Capital—like-minded institutional investors—respectfully submit that they should be appointed Lead Plaintiff on behalf of all Diamond shareholders.  The above-captioned action brought against Diamond and certain officers and directors of Diamond (collectively, "Defendants") alleges violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 and 15 U.S.C. §§ 78n(e), 78t(a), promulgated thereunder.

The PSLRA provides that the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which "person or group of persons" has the "largest financial interest" in the relief sought by the Class in this litigation and whether that movant has made a prima facie showing that it is a typical and adequate Class representative under Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth in detail below, ODS Capital and Nantahala Capital held, sold or tendered a combined ***565,906 shares*** of Diamond common stock during the Class Period—an interest believed to be greater than that of any other qualified movant.[1]  In light of this significant exposure, ODS Capital and Nantahala Capital have a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movants.  ODS Capital and Nantahala Capital also meet the typicality and adequacy requirements of Rule 23 as required by the PSLRA, because their claims are typical of those of absent Class members, and because they will fairly and adequately represent the interests of the Class.

Additionally, ODS Capital and Nantahala Capital are also the type of sophisticated institutional investors that Congress intended to empower to lead securities class actions.  ODS Capital and Nantahala Capital collectively manage more than $1.6 billion in total assets, and possess the capability, resources and experience to oversee this complex litigation.  ODS Capital and Nantahala Capital fully understand the Lead Plaintiff's obligations to the Class under the

---

[1]  Copies of the PSLRA-required Certifications are attached as Exhibit A to the accompanying Albright Decl.

1  PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure

2  the vigorous prosecution of this action.  ODS Capital and Nantahala Capital's collaboration in

3  this litigation follows from their roles as fiduciaries and their shared goals and interests in

4  protecting and maximizing pension-fund assets.  Further, as part of their effort to formalize their

5  leadership over this action, ODS Capital and Nantahala Capital held a joint conference call to

6  discuss the merits of the Action, the funds' common goals in the litigation, their shared desire to

7  maximize the recovery for all Class members, and their joint litigation strategy—providing

8  further evidence of their commitment and ability to effectively prosecute this action.

9  　　　Lastly, ODS Capital and Nantahala Capital have also demonstrated their adequacy

10  through their selection of Labaton Sucharow as Lead Counsel on behalf of the Class.  Labaton

11  Sucharow is a nationally recognized securities class action firm that has recovered billions of

12  dollars for the benefit of injured investors, and has the expertise and resources necessary to

13  handle litigation of this complexity and scale.  Moreover, Albright Stoddard, a Las Vegas based

14  law firm, also has a distinguished record representing plaintiffs in securities class actions such as

15  the instant case.

16  　　　Accordingly, ODS Capital and Nantahala Capital request that the Court appoint them

17  Lead Plaintiff and otherwise grant its motion.

18  **II.　　FACTUAL BACKGROUND**

19  　　　The action alleges that Defendants violated the above-referenced Sections of the

20  Exchange Act by causing a materially incomplete and misleading Schedule 14D-9

21  Solicitation/Recommendation Statement to be filed with the SEC on July 14, 2016 (the

22  "Recommendation Statement").  The Recommendation Statement provided Diamond's

23  recommendation that shareholders accept the cash tender offer by Apollo Global Management

24  LLC  ("Apollo") affiliates Dakota Merger Sub, Inc. and Dakota Parent, Inc. to purchase all of the

25  Diamond outstanding common stock shares at a purchase price of $30.25 per share (the "Tender

26  Offer").

27  　　　Over the course of 2015, as Diamond had grown concerned that the value of the

28  Company was not truly reflected in the price of its common stock, Diamond began to explore

avenues to maximize the price, including potential transformational acquisitions or a potential sale of the Company.  By February of 2016, Diamond's Board had formed a committee charged with exploring a potential sale of the Company, which in turn hired Centerview as its financial advisor.  On June 23, 2016, Apollo submitted a bid to purchase Apollo for $30.25 per share.

The Board voted in favor of the sale of Diamond to Apollo on June 26, 2016.  But Stephen J. Cloobeck ("Cloobeck"), Diamond's founder, Chairman, and largest stockholder, abstained from that vote.  As recorded in the minutes of two separate Board meetings held on both June 25 and 26, 2016, Cloobeck expressly stated to the Board the reason he was abstaining from the vote.  Cloobeck said he was disappointed with the Company's management for not having run the business he had founded and led in a manner that would command both a higher market and deal price for shares of its common stock.  Accordingly, it was his view that it was not the right time to sell the Company.

Notwithstanding the concerns of the Board's Chairman, the Board approved the Agreement and Plan of Merger (the "Merger Agreement") with Apollo.  On June 29, 2016, Diamond announced that the Company had entered into the Merger Agreement with Apollo.  At no time subsequent to the Board's approval vote did Defendants ever disclose that Cloobeck had abstained from the vote because mismanagement of Diamond Resorts had negatively affected the sale price, and, as a result, he was of the view that it was not the right time to sell the Company.

On July 14, 2016, Defendants caused a materially incomplete and misleading Recommendation Statement to be filed with the SEC.  Defendants recommended that shareholders tender their shares pursuant to the Tender Offer, stating that the $30.25 offer price was fair and advisable.  But Defendants omitted the critical fact that the Board's Chairman had abstained from voting on the sale of Diamond for reasons that directly contradicted the Board's recommendation to the stockholder.

In addition, during the pendency of the Tender Offer, Apollo offered consulting agreements or co-investment opportunities to Cloobeck, Diamond's Vice Chairman Lowell Kraff ("Kraff"), and CEO David Palmer ("Palmer"), which a reasonable investor would have concluded were financial incentives to support the sale of Diamond to Apollo, in addition to the

consideration offered to all other Diamond public stockholders.  These incentives were not offered or disclosed to Diamond's public stockholders who were solicited to tender their shares into the deal.

Pursuant to the Merger Agreement, the consummation of the Tender Offer was subject to the condition that, as of the expiration of the Tender Offer, more than 50% of the then-outstanding shares were validly tendered and not properly withdrawn.  Because Diamond shareholders who validly tendered pursuant to the Tender Offer were permitted during the pendency of the Tender Offer to withdraw their individual tender offers, the omission of the subsequent financial incentives to insiders caused all tendering class members, regardless of when they tendered, to be harmed by the material omissions.

Particularly in light of the legitimate concerns initially expressed by Cloobeck, the $30.25 per-share consideration Diamond stockholders received in connection with the Tender Offer was fundamentally unfair to Plaintiff and the other non-Defendant common stockholders of the Company.  Defendants asked Diamond stockholders to tender their shares for inadequate consideration based upon the materially incomplete and misleading representations and information contained in the Recommendation Statement, in violation of Sections 14(e) and 20(a) of the Exchange Act.  Specifically, the Recommendation Statement contained materially incomplete and misleading information concerning the reasons for the Chairman's abstention and the financial incentives in the form of consulting agreements or co-investment opportunities offered to Cloobeck, Diamond's Vice Chairman Kraff, and Diamond's President and CEO Palmer to support the sale of Diamond to Apollo, additional consideration not provided to any other stockholder in the Company.

As a result of Defendants' false statements, ODS Capital and Nantahala Capital, and other Class members have suffered significant losses and damages.

**ARGUMENT**

**I.    ODS CAPITAL AND NANTAHALA CAPITAL SHOULD BE APPOINTED LEAD PLAINTIFF**

ODS Capital and Nantahala Capital respectfully submit that they are presumptively the "most adequate plaintiff" because they have complied with the PSLRA procedural requirements, hold the largest financial interest of any qualified movant, and otherwise satisfy Rule 23's typicality and adequacy requirements.

**A.    The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

1    In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most

2    adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead

3    plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who

4    otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also*

5    *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive

6    process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . .

7    that the presumptively most adequate plaintiff [] will not fairly and adequately protect the

8    interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of

9    adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Spectrum*

10   *Pharm., Inc.*, No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162, at *2 (D. Nev. Mar. 20,

11   2014).

12        **B.      ODS Capital And Nantahala Capital Are The "Most Adequate Plaintiff"**

13             **1.      ODS Capital And Nantahala Capital Satisfied The PSLRA's**
                        **Procedural Requirements**
14

15        ODS Capital and Nantahala Capital filed this motion to serve as Lead Plaintiff in a

16   timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on July 25, 2018, counsel for the

17   Plaintiff in this litigation caused notice regarding the pending nature of this case to be published

18   on *Globe Newswire*, a widely circulated, national, business-oriented news reporting service.  *See*

19   Notice, Albright Decl. Ex. B.  Thus, as permitted by the PSLRA, any person or group of persons

20   may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice,

21   *i.e.*, on or before September 24, 2018.  Here, ODS Capital and Nantahala Capital filed their

22   motion within the required period.

23             **2.      ODS Capital And Nantahala Capital Have The Largest Financial**
                        **Interest In The Outcome Of The Action**
24

25        The PSLRA instructs the Court to adopt a rebuttable presumption that the "most

26   adequate plaintiff" for lead plaintiff purposes is the person or group of persons with "the largest

27   financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the

28   requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Richardson v. TVIA, Inc.*,

1   No. C 06 06304-RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the

2   PSLRA's lead plaintiff appointment process).

3          During the Class Period, ODS Capital and Nantahala Capital held, sold or tendered a

4   combined **565,906 shares** of Diamond common stock.  *See* Albright Decl. Ex. A.  ODS Capital

5   and Nantahala Capital are presently unaware of any other movant with a larger financial interest

6   in the outcome of the Action.  Consequently, and because they also satisfy Rule 23's typicality

7   and adequacy requirements, ODS Capital and Nantahala Capital are entitled to the legal

8   presumption that they are the most adequate plaintiff.

9              **3.      ODS Capital And Nantahala Capital Otherwise Satisfy Rule 23's**
                         **Typicality And Adequacy Requirements**
10

11         In addition to possessing the largest financial interest in the outcome of the litigation,

12   ODS Capital and Nantahala Capital satisfy the applicable requirements of Rule 23.  *See* 15

13   U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the moving plaintiff

14   must make only a preliminary showing that the adequacy and typicality requirements under Rule

15   23 have been met.  *See, e.g., In re MGM Mirage Sec. Litig.,* No. 2:09-cv-01558-GMN-LRI, 2010

16   WL 4316754, at *2 (D. Nev. Oct. 25, 2010) (At the lead plaintiff stage, only typicality and

17   adequacy are "relevant to selecting the lead plaintiff."); *see also Staton v. Boeing Co.*, 327 F.3d

18   938, 957 (9th Cir. 2003).  Here, ODS Capital and Nantahala Capital unquestionably satisfy both

19   requirements.

20         ODS Capital and Nantahala Capital's claims are typical of the claims of other Class

21   members.  The typicality requirement is satisfied when a movant demonstrates that it "has

22   suffered the same or similar injury as the absent class members as a result of the same course of

23   conduct by the defendants."  *Stocke v. Shuffle Master, Inc*., No. 2:07-CV-00715-KJD-RJJ, 2007

24   WL 4262723, at *2 (D. Nev. Nov. 30, 2007) (citing *Hanon v. Dataproducts Corp*., 976 F.2d 497,

25   508 (9th Cir. 1992)).  Here, ODS Capital and Nantahala Capital, and all other Class members'

26   claims arise from the same course of events, and their legal arguments to prove Defendants'

27   liability are identical.  Thus, ODS Capital and Nantahala Capital satisfy the typicality

28   requirement.

1    ODS Capital and Nantahala Capital likewise satisfy Rule 23's adequacy requirement.

2   Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of

3   the Class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement is met when (1) "the interests of

4   the class representative coincide with those of the class," and (2) "the class representative has the

5   ability to prosecute the action vigorously."  *Shuffle Master*, 2007 WL 4262723, at *3 (citing

6   *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001) ("adequacy

7   requires the absence of antagonistic interests between class representatives and absent members"

8   and the "willingness and ability to assume the duties of lead plaintiff, including the crucial duties

9   of choosing adequate counsel . . . and monitoring that counsel's conduct throughout the

10  litigation.").  ODS Capital and Nantahala Capital satisfy these elements because their substantial

11  financial stake in the litigation provides them with the incentive to vigorously represent the

12  Class' claims.  Moreover, ODS Capital and Nantahala Capital's interests are perfectly aligned

13  with those of the other Class members and are not antagonistic in any way, and there is no

14  evidence of collusion among the litigants.  There are no facts to suggest any actual or potential

15  conflict of interest or other antagonism between ODS Capital and Nantahala Capital, and other

16  Class members.

17    ODS Capital and Nantahala Capital have also demonstrated their adequacy through their

18  selection of Labaton Sucharow as Lead Counsel to represent the Class in this action.  As

19  discussed more fully below, Labaton Sucharow is highly qualified and experienced in the area of

20  securities class-action litigation and has demonstrated its ability to conduct complex securities

21  class-action litigation effectively.

22          **4.      Congress Expressly Intended Institutional Investors Like ODS**
23                  **Capital And Nantahala Capital To Be Appointed As Lead Plaintiff**

24    When it enacted the PSLRA in 1995, Congress intended to increase the role of

25  institutional investors like ODS Capital and Nantahala Capital in securities class actions.

26  Institutional investors typically have a larger financial stake in the outcome of the litigation, and

27  Congress believed that entities having such an interest would be more apt to effectively manage

28  the litigation.  *See* Conference Report on the Private Securities Litigation Reform Act of 1995,

1   H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[C]lass

2   members with large amounts at stake will represent the interests of the plaintiff class more

3   effectively than class members with small amounts at stake.").  Courts have thus found that the

4   appointment of institutional investors is consistent with the legislative intent of the PSLRA.  *See*

5   *Perlmutter v. Intuitive Surgical, Inc*., No. 10-CV-3451-LTK, 2011 WL 566814, at *13 (N.D.

6   Cal. Feb. 15, 2011) ("appoint[ing] an institutional investor, . . . comports with the PSLRA's goal

7   to increase the likelihood that institutional investors would serve as lead plaintiffs"); *see also*

8   *Feyko v. Yuhe Int'l Inc*., No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal.

9   Mar. 2, 2012) (noting that "institutional investors [are] exactly the type of sophisticated market

10  participants Congress intended to take on the role of lead plaintiff following the PSLRA's

11  reforms") (citations omitted).  ODS Capital and Nantahala Capital are well suited to fulfill this

12  Congressional intent.

13       District courts within the Ninth Circuit have repeatedly recognized the propriety of

14  appointing groups of investors as lead plaintiff "where the group is small and cohesive and/or

15  where the individual members have demonstrated an ability to effectively work together on

16  behalf of the class." *Markette v. XOMA Corp.,* No. 15-cv-03425-HSG, 2016 WL 2902286, at *8

17  (N.D. Cal. May 13, 2016) (citing cases); *Johnson v. OCZ Tech. Grp., Inc*., No. CV 12-05265 RS,

18  2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013) ("Small, cohesive groups similar to the [movant]

19  are routinely appointed as Lead Plaintiff in securities actions when they have shown their ability

20  to manage the litigation effectively in the interests of the class without undue influence of

21  counsel."); *In re Versata, Inc., Sec. Litig*., No. C 01-1439 SI, 2001 WL 34012374, at *7 (N.D.

22  Cal. Aug. 20, 2001) (appointing a group composed of sophisticated investors as Lead Plaintiff

23  because they "possess[ed] both sophistication and business knowledge, as well as substantial

24  individual losses which adds meaningful incentive for a vigorous prosecution of the action").

25       ODS Capital and Nantahala Capital are a small, cohesive group of sophisticated

26  institutional investors that determined to jointly seek appointment as Lead Plaintiff and litigate

27  this action independently of counsel and in the best interests of all Class members.  *See OCZ*

28  *Tech Grp, Inc.*, 2013 WL 75774, at *3 (appointing group of investors based commitment to

1   oversee litigation and prosecute case in the best interests of all Class members); *see also Bruce v.*
2   *Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov.
3   13, 2012) (finding movant attesting that it is "committed to protecting the interests of the Class"
4   and will "vigorously prosecute the action on behalf of the class" supports appointment).

5         Furthermore, ODS Capital and Nantahala Capital have demonstrated their commitment
6   to working cohesively as a group in the prosecution of this action.  ODS Capital and Nantahala
7   Capital are peer institutional investment firms and have collaborated on trends in the capital
8   markets, including their mutual investments in Diamond common stock during the period subject
9   to this litigation.  Based on this prior relationship and common investment exposure to the
10  alleged misconduct in this litigation, representatives from ODS Capital and Nantahala Capital
11  have had telephonic discussions to determine the optimal course of action to recover Diamond
12  investment losses.

13        Indeed, ODS Capital and Nantahala Capital have already taken (and will continue to
14  take) measures to ensure the vigorous prosecution of this action and oversee counsel.
15  Specifically, to formalize their leadership of the action, before seeking appointment as Lead
16  Plaintiff, representatives of ODS Capital and Nantahala Capital participated in a conference call
17  on September 20, 2018 and discussed together, among other things, their investment exposure
18  arising from Defendants' misconduct and their strategy for prosecuting this case; the strength of
19  the claims against Defendants; and their common goals in ensuring that this action is litigated as
20  efficiently as possible and that the Class receives the best possible result.

21        The evidence submitted by ODS Capital and Nantahala Capital establishing their
22  commitment to zealously and efficiently represent the interests of the Class as members of a
23  Lead Plaintiff group is more than adequate to satisfy the adequacy and typicality requirements
24  here.  *See, e.g., In re Versata*, 2001 WL 34012374, at *6-7 (finding a group composed of
25  sophisticated investors that "provid[ed] background information and articulating why [each]
26  member is seeking lead plaintiff status as part of the asserted group" to be "sufficiently cohesive
27  and structured to maximize its individual strengths and sophisticated business knowledge" and to
28  have "exhibited a cooperative spirit").

II.     **THE COURT SHOULD APPROVE ODS CAPITAL AND NANTAHALA CAPITAL'S CHOICE OF COUNSEL**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733.  Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class."  H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 734; *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, ODS Capital and Nantahala Capital have selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel for the proposed class.  Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel.  In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008.  Labaton Sucharow presently serves as co-lead counsel in *In re*

1  *Goldman Sachs Group, Inc. Securities Litigation*, No. 10-cv-03461 (S.D.N.Y.), among other

2  significant investor class actions.  *See* Albright Decl., Ex. C.

3      Likewise, Albright Stoddard is well qualified to represent the Class as Liaison Counsel.

4  Albright Stoddard maintains an office in Las Vegas, Nevada, and the firm has substantial

5  litigation experience in this court.  *See* Albright Decl., Ex. D.  Thus, the firm is well qualified to

6  represent the Class as Liaison Counsel.  *See* Manual For Complex Litigation (Fourth) § 10.221

7  (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have

8  offices in the same locality as the court.").

9      Thus, the Court may be assured that by granting this motion and approving ODS Capital

10  and Nantahala Capital's selection of Labaton Sucharow as Lead Counsel and Albright Stoddard

11  as Liaison Counsel, the Class will receive the highest caliber of legal representation.

12                          **CONCLUSION**

13      For the foregoing reasons, ODS Capital and Nantahala Capital respectfully request that

14  the Court: (1) appoint ODS Capital and Nantahala Capital as Lead Plaintiff; and (2) approve the

15  selection of Labaton Sucharow as Lead Counsel and Albright Stoddard as Liaison Counsel for

16  the Class.

17  DATED:  September 24, 2018              Respectfully submitted,

18

19                          */s/ G. Mark Albright*

20                          G. Mark Albright (Nevada Bar No. 1394)
                            **ALBRIGHT, STODDARD,**
21                          **WARNICK & ALBRIGHT**
                            801 S Rancho Dr., Suite D4
22                          Las Vegas, Nevada 89106
                            Telephone: (702) 384-7111
23                          Facsimile: (702) 384-0605
                            Email: gma@albrightstoddard.com
24

25                          *Proposed Liaison Counsel for the Class*

26                          Christopher J. Keller
                            Eric J. Belfi
27                          Francis P. McConville
                            **LABATON SUCHAROW LLP**
28                          140 Broadway

New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Emails: ckeller@labaton.com
        ebelfi@labaton.com
        fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff
ODS Capital LLC and Nantahala Capital
Management, LLC and Proposed Lead
Counsel for the Class*

1

## <u>CERTIFICATE OF SERVICE</u>

2

I, G. Mark Albright, hereby certify that on September 24, 2018, I electronically filed the

3

foregoing document though the CM/ECF system, which will send notification of such filing to

4

all registered participants as identified on the Notice of Electronic Filing.  Parties may access this

5

filing through the Court's CM/ECF System.

6

Dated: September 24, 2018

7

*/s/ G. Mark Albright*
G. Mark Albright

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28