John S. Delikanakis, Esq.
Nevada Bar No. 5928
David L. Edelblute, Esq.
Nevada Bar No. 14049
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
jdelikanakis@swlaw.com
edelblute@swlaw.com

*Attorneys for Defendants Diamond Resorts*
*International, Inc. and Jared T. Finkelstein*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE DIAMOND RESORTS INTERNATIONAL, INC. SECURITIES LITIGATION | CLASS ACTION <br><br> Civil Action No. 2:18-cv-01355-APG-CWH <br><br> **DEFENDANTS' JOINT MOTION FOR A STAY PENDING THE SUPREME COURT'S REVIEW OF A NINTH CIRCUIT DECISION THAT IS CENTRAL TO THE DETERMINATION OF THIS ACTION** |

Defendants Diamond Resorts International, Inc. ("Diamond"), David J. Berkman, Richard M. Daley, Jared T. Finkelstein, Frankie Sue Del Papa, Jeffrey W. Jones, David F. Palmer, Hope S. Taitz, Zachary D. Warren, and Robert Wolf (together, "Defendants"), by their undersigned counsel, respectfully submit this joint motion for a stay of all proceedings in this action pending review by the United States Supreme Court of a recent Ninth Circuit decision that is central to the determination of key issues in this case. This motion is supported by the following Memorandum of Points and Authorities, with its supporting declaration and exhibits and any oral argument the

/ / /

/ / /

/ / /

/ / /

1  Court entertains on behalf of Defendants.

2          DATED this 13th day of February, 2019.

3                                         SNELL & WILMER L.L.P.

4
                                          By: /s/ *John S. Delikanakis*
5                                         ─────────────────────────────
                                          John S. Delikanakis, Esq.
                                          Nevada Bar No. 5928
6                                         David L. Edelblute, Esq.
                                          Nevada Bar No. 14049
7                                         3883 Howard Hughes Parkway, Suite 1100
                                          Las Vegas, NV 89169
8
                                                  - and -
9
                                          PAUL, WEISS, RIFKIND,
10                                           WHARTON & GARRISON LLP
                                          Lewis R. Clayton (*pro hac vice* forthcoming)
11                                        Robert N. Kravitz (admitted *pro hac vice*)
                                          1285 Avenue of the Americas
12                                        New York, NY 10019-6064

13                                        *Attorneys for Defendants Diamond Resorts*
                                          *International, Inc. and Jared T. Finkelstein*
14
                                          PISANELLI BICE PLLC
15
                                          By: /s/ *Todd L. Bice*
16                                        ─────────────────────────────
                                          Todd L. Bice
17                                        Nevada Bar No. 4534
                                          Ava M. Schaefer
18                                        Nevada Bar No. 12698
                                          400 S. 7th Street, Suite 300
19                                        Las Vegas, NV 89101

20                                                - and -

21                                        MILBANK, TWEED,
                                             HADLEY & McCLOY, LLP
22                                        Scott Edelman (*pro hac vice* forthcoming)
                                          Alan Stone (*pro hac vice* forthcoming)
23                                        28 Liberty Street
                                          New York, NY 10005
24
                                          *Attorneys for Defendant David Berkman*
25

26

27

28

BROWNSTEIN HYATT FARBER
  SCHRECK, LLP

By: /s/ *Maximilien D. Fetaz*
Adam K. Bult, Esq.
Nevada Bar No. 9332
Maximilien D. Fetaz, Esq.
Nevada Bar No. 12737
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

- and -

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice* forthcoming)
Jefferson E. Bell (*pro hac vice* forthcoming)
200 Park Avenue
New York, NY 10166

Brian Lutz (*pro hac vice* forthcoming)
555 Mission Street
San Francisco, CA 94105

*Attorneys for Defendants Richard M. Daley,*
*Frankie Sue Del Papa, Jeffrey W. Jones, David*
*Palmer, Hope S. Taitz, Zachary D. Warren, and*
*Robert Wolf*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### <u>Introduction</u>

This case arises from the acquisition of Diamond Resorts International, Inc. ("Diamond" or the "Company") by funds managed by Apollo Management VIII, L.P. ("Apollo") in September 2016 after a lengthy sale process in which the Apollo funds emerged as the highest bidder. The acquisition price was 58% higher than Diamond's stock price before the Company announced it was pursuing a sale. Plaintiffs are challenging the disclosures that Diamond made in connection with the sale process and proposed transaction, asserting two claims under Section 14(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78n(e), one claim under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and one "control person" claim under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

A case currently pending before the Supreme Court of the United States will have a major impact on the viability of Plaintiffs' claims. On January 4, 2019, the U.S. Supreme Court granted

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

a petition for certiorari challenging the Ninth Circuit's decision in *Varjabedian* v. *Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018), a decision that is at odds with decisions in five other circuits.[1] The question presented in the petition is whether the Ninth Circuit correctly ruled that Section 14(e) supplies an inferred private cause of action based on mere negligence, rather than requiring scienter. The petition also raises the issue of whether a private cause of action even exists under Section 14(e). The Supreme Court scheduled oral arguments in the *Emulex* matter for Monday, April 15, 2019.[2]

The matters raised in Emulex are critical to the outcome of this case. Indeed, if the Supreme Court brings the Ninth Circuit into alignment with the other circuits that have considered the issue and rules that Section 14(e) claims require scienter, or that there is no private right of action under Section 14(e), this case will be doomed. Every claim in the case will then require scienter. At the very least, if the Supreme Court reverses the Ninth Circuit's decision in *Emulex*, the parties will have to rebrief the issues concerning Plaintiffs' Section 14(e) claim, wasting both the Court's and the parties' time and resources. Diamond respectfully submits that, in these circumstances, this action should be stayed pending the Supreme Court's resolution of the appeal in *Emulex*.

### ***Background Facts***

#### *This Action*

Plaintiffs are former shareholders of Diamond, a global leader in the hospitality and vacation ownership industry that is headquartered in Las Vegas. (Am. Compl. ¶¶ 37-38, 40.) Plaintiffs are challenging the disclosures that Diamond made in connection with the acquisition of the company by funds affiliated with Apollo in September 2016 at a price of $30.25 per share—a 58% premium over the price before Diamond announced it was commencing a sale process that ended with the Apollo funds submitting the highest bid. (*Id.* ¶ 2.)

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

---

[1] *Emulex Corp. v. Varjabedian*, No. 18-459, 2019 WL 98542 (U.S. Jan. 4, 2019) available at: https://www.supremecourt.gov/DocketPDF/18/18-459/66537/20181011123513447_2018-10-11%20Emulex%20cert%20petition%20and%20appendix.pdf

[2] Available at: https://www.supremecourt.gov/oral_arguments/calendars/MonthlyArgumentCalApril2019.html

Plaintiffs filed their initial complaint in this action on July 23, 2018, and an Amended Complaint on December 17, 2018. The Amended Complaint asserts four claims. Two of the four claims (Counts I and II) are asserted under Section 14(e) of the Exchange Act. (Am. Compl. ¶¶ 246-61.) Count III is a claim asserted under Section 10(b) of the Exchange Act, and Count IV is a "control person" claim under Section 20(a) of the Exchange Act—a claim that is dependent upon an underlying violation of one of the other claims. (*Id.* ¶¶ 262-78.) Plaintiffs expressly allege that Count I (based on the first clause of Section 14(e)) is based solely on negligence, not scienter. (*Id.* ¶ 251.)

By stipulation, Defendants have not yet responded to the Amended Complaint.

***Emulex***

In April 2018, the U.S. Court of Appeals for the Ninth Circuit issued a decision in *Varjabedian* v. *Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018), a case that also asserted a claim under Section 14(e). The Ninth Circuit ruled that the first clause of Section 14(e)—which makes it unlawful for any person "to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading"—requires only a showing of negligence, not scienter. *Id.* at 408.

The Ninth Circuit acknowledged that its ruling was contrary to the rulings of five other circuit courts. *Id.* at 404-05.

The defendants in *Emulex* filed a petition for certiorari to the Supreme Court in October 2018. The "question presented" is: "Whether the Ninth Circuit correctly held, in express disagreement with five other courts of appeals, that Section 14(e) of the Securities Exchange Act of 1934 supports an inferred private right of action based on a negligent misstatement or omission made in connection with a tender offer." (Petition for Writ of Certiorari, *Emulex Corp.* v. *Varjabedian*, No. 18-459 (U.S. Oct. 11, 2018), 2018 WL 4942046).

The *Emulex* defendants' petition for certiorari also points out that the Supreme Court has never previously recognized a private right of action at all under Section 14(e), and invites the Court to examine that issue as well. (Petition for Writ of Certiorari at 20, *Emulex*, No. 18-459).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

The Supreme Court granted the petition on January 4, 2019. *See Emulex Corp.* v. *Varjabedian*, No. 18-459, 2019 WL 98542, at *1 (U.S. Jan. 4, 2019). According to commentators, the Supreme Court's decision in *Emulex* could serve as a "vehicle for stopping the federalization of merger litigation," like this suit.[3]

## *ARGUMENT*

## I. THE CASE SHOULD BE STAYED PENDING THE SUPREME COURT'S DECISION IN *EMULEX*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Ninth Circuit has approved "*Landis* stays" pending a decision by the U.S. Supreme Court in another proceeding "on several occasions." *Lockyer* v. *Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see also Ganezer* v. *DirectBuy, Inc.*, 571 F.3d 846, 846 (9th Cir. 2009) (instructing trial court to stay proceedings pending Supreme Court's decision in *Hertz Corp.* v. *Friend*)*; Means* v. *Navajo Nation*, 432 F.3d 924, 925 n.* (9th Cir. 2005) ("[w]e withdrew submission of this case when the Supreme Court granted certiorari in *United States* v. *Lara*"); *Demshki* v. *Monteith*, 255 F.3d 986, 988 (9th Cir. 2001) ("[w]e granted the Committee's request to stay the appeal pending the Supreme Court's decision in *Board of Trustees of the University of Alabama* v. *Garrett*"); *McCarthy* v. *Apfel*, 221 F.3d 1119, 1122 n.3 (9th Cir. 2000) ("In *Forney* v. *Chater*, 108 F.3d 228 (9th Cir. 1997), we held that a remand pursuant to the Social Security Act is not appealable. After the Supreme Court granted certiorari in that case, the Commissioner obtained a stay of proceedings of the present case pending a decision by the Supreme Court in *Forney*."); *Polykoff* v. *Collins,* 816 F.2d 1326, 1330 (9th Cir. 1987) ("[T]his court granted appellants' motion to stay the appeal pending the Supreme Court's decision in *Brockett* v. *Spokane Arcades, Inc.*").

---

[3] Diana Novak Jones & Rachel Graf, *High Court's Take on Emulex Could Slash Merger Challenges*, Law360 (Jan. 8, 2019, 9:26 PM), available at: https://www.law360.com/articles/1116435/high-court-s-take-on-emulex-could-slash-merger-challenges.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

This Court, too, has entered "*Landis* stays" pending the outcome of a Supreme Court case in numerous cases, *see*, *e.g.*, *Deutsche Bank Nat'l Tr. Co.* v. *Haddad*, 2017 WL 2190061, at *1 (D. Nev. May 17, 2017); *Nationstar Mortg., LLC* v. *RAM LLC*, 2017 WL 1752933 (D. Nev. May 4, 2017); *LV Debt Collect, LLC* v. *Bank of N.Y. Mellon*, No. 2:16-cv-02857-APG-NJK, at 1 (D. Nev. Apr. 12, 2017), ECF No. 41; *Bank of Am., N.A.* v. *Inspirada Cmty. Assoc.*, 2017 WL 1043281, at *5 (D. Nev. Mar. 16, 2017); *Nationstar Mortg., LLC* v. *Springs at Spanish Trail Assoc.*, 2017 WL 752775, at *1 (D. Nev. Feb. 27, 2017); *United States* v. *Landeros*, 2017 WL 10085686, at *1 (D. Nev. Jan. 4, 2017), as have other district courts in the Ninth Circuit, *see*, *e.g.*, *Cuadras* v. *MetroPCS Wireless, Inc.*, 2011 WL 227591, at *2 (C.D. Cal. Jan. 21, 2011); *Alvarez* v. *T-Mobile USA, Inc.*, 2010 WL 5092971, at *3 (E.D. Cal. Dec. 7, 2010); *McArdle* v. *AT&T Mobility LLC*, 2010 WL 2867305, at *1 (N.D. Cal. July 20, 2010); *Cent. Valley Chrysler-Jeep, Inc.* v. *Witherspoon*, 2007 WL 135688, at *1 (E.D. Cal. Jan. 16, 2007).

When determining whether a stay is appropriate pending resolution of another case, the court must weigh: (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender; (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) the possible damage that may result from a stay. *Lockyer*, 398 F.3d at 1110. Here, those factors all weigh in favor of a stay.

## A.    A Stay Will Promote the Orderly Course of Justice

Plaintiffs' Section 14(e) claims are central to this case. Whether scienter is required for such claims and whether there is a private right of action at all under Section 14(e) are dispositive issues that the parties will need to brief and that the Court will need to consider at the outset, in connection with Defendants' forthcoming motions to dismiss.

Under the Private Securities Litigation Reform Act of 1995 ("PLSRA"), which is applicable to this case, plaintiffs are required to plead with particularity facts giving rise to a "strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). Thus, whether the Ninth Circuit correctly ruled that negligence, rather than scienter, is the "required state of mind" for a Section 14(e) claim—which is the issue squarely presented to the Supreme Court in *Emulex*—will be a key issue in determining whether Plaintiffs' Amended

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1   Complaint here is adequately pled.

2       Staying this case pending the Supreme Court's decision will permit the parties and the

3   Court to evaluate the viability of Plaintiffs' claims under a definitive ruling by the Supreme

4   Court, rather than briefing and considering the issue under the Ninth Circuit's ruling in *Emulex*,

5   and possibly having to rebrief and reconsider the issues if the Supreme Court overturns that

6   decision. This will simplify and streamline the proceedings and "promote the efficient use of the

7   parties' and the court's limited resources." *Landeros*, 2017 WL 10085686, at *1.

8       **B.      The Parties Will Face Hardship and Inequity if the Case Proceeds**

9       The parties on both sides face hardship or inequity if this Court rules on the viability of

10  Plaintiffs' Section 14(e) claims before the Supreme Court decides the issues in *Emulex*. A stay

11  will prevent unnecessary briefing and premature expenditures of time, attorney's fees, and

12  resources. *See*, *e.g.*, *Nationstar Mortg.*, 2017 WL 1752933, at *2 ("Both parties equally face

13  hardship or inequity if the Court resolves the claims or issues before the petitions for certiorari

14  have been decided.").

15      **C.      Any Damage from a Stay Would Be Minimal**

16      The only potential damage that may result from a stay is that the parties may have to wait

17  longer for resolution of this case. But Plaintiffs themselves have been in no hurry to pursue this

18  case, waiting over two years after the transaction was announced to file a complaint. Given that

19  the Supreme Court will hear oral argument in the *Emulex* matter on April 15, 2019, it stands to

20  reason that any damage as a result of a temporary delay will be *de minimis*. In addition, Plaintiffs

21  seek only money damages. Regardless, a delay would also result from any rebriefing or

22  supplemental briefing that may be necessitated if the Supreme Court overturns the Ninth Circuit's

23  decision in *Emulex*. As in *Nationstar Mortgage*, "[i]t is not clear that a stay pending the Supreme

24  Court's disposition of the petition[] for certiorari will ultimately lengthen the life of this case,"

25  and thus any possible damage a stay may cause is "minimal." 2017 WL 1752933, at *2.

26  / / /

27  / / /

28  / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay all proceedings in this action pending the Supreme Court's decision on whether to overturn the Ninth Circuit's decision in *Emulex*.

DATED this 13th day of February, 2019.

SNELL & WILMER L.L.P.

By: /s/ *John S. Delikanakis*
John S. Delikanakis, Esq.
Nevada Bar No. 5928
David L. Edelblute, Esq.
Nevada Bar No. 14049
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169

- and -

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
Lewis R. Clayton (*pro hac vice* forthcoming)
Robert N. Kravitz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064

*Attorneys for Defendants Diamond Resorts*
*International, Inc. and Jared T. Finkelstein*

PISANELLI BICE PLLC

By: /s/ *Todd L. Bice*
Todd L. Bice
Nevada Bar No. 4534
Ava M. Schaefer
Nevada Bar No. 12698
400 S. 7th Street, Suite 300
Las Vegas, NV 89101

- and -

MILBANK, TWEED,
  HADLEY & McCLOY, LLP
Scott Edelman (*pro hac vice* forthcoming)
Alan Stone (*pro hac vice* forthcoming)
28 Liberty Street
New York, New York 10005

*Attorneys for Defendant David Berkman*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER
  SCHRECK, LLP

By: /s/ *Maximilien D. Fetaz*
Adam K. Bult, Esq.
Nevada Bar No. 9332
Maximilien D. Fetaz, Esq.
Nevada Bar No. 12737
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

 - and -

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice* forthcoming)
Jefferson E. Bell (*pro hac vice* forthcoming)
200 Park Avenue
New York, NY 10166

Brian Lutz (*pro hac vice* forthcoming)
555 Mission Street
San Francisco, CA 94105

*Attorneys for Defendants Richard M. Daley,*
*Frankie Sue Del Papa, Jeffrey W. Jones, David*
*Palmer, Hope S. Taitz, Zachary D. Warren, and*
*Robert Wolf*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**CERTIFICATE OF SERVICE**

I, JULIA M. DIAZ, hereby certify that on February 13, 2019, I electronically filed the foregoing document through the CM/ECF system, which will send notification of such filing to all registered participants as identified on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

DATED this 13th day of February, 2019.

*/s/ Julia M. Diaz*
An Employee of SNELL & WILMER L.L.P.