John S. Delikanakis, Esq.
Nevada Bar No. 5928
David L. Edelblute, Esq.
Nevada Bar No. 14049
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
jdelikanakis@swlaw.com
dedelblute@swlaw.com

*Attorneys for Defendants
Diamond Resorts International, Inc.
and Jared T. Finkelstein*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE DIAMOND RESORTS INTERNATIONAL, INC. SECURITIES LITIGATION | CLASS ACTION<br><br>Civil Action No.: 2:18-cv-01355-APG-CWH<br><br>**DEFENDANTS' JOINT MOTION FOR AN INTERIM STAY PENDING RESOLUTION OF DEFENDANTS' JOINT MOTION FOR A STAY** |

Defendants Diamond Resorts International, Inc. ("Diamond"), David J. Berkman, Richard M. Daley, Jared T. Finkelstein, Frankie Sue Del Papa, Jeffrey W. Jones, David F. Palmer, Hope S. Taitz, Zachary D. Warren, and Robert Wolf (together, "Defendants"), by their undersigned counsel, respectfully submit this Joint Motion for an Interim Stay Pending Resolution of Defendants' Joint Motion to Stay (the "Motion").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is based on the Declaration of Robert N. Kravitz, Esq., the Memorandum of Points and Authorities, all pleadings, documents and records on file with this Court, any exhibit(s) submitted herewith, and on any oral argument on behalf of Defendants that the Court may entertain.

DATED this 13th day of February, 2019.

SNELL & WILMER L.L.P.

By: /s/ *John S. Delikanakis*
John S. Delikanakis, Esq.
Nevada Bar No. 5928
David L. Edelblute, Esq.
Nevada Bar No. 14049
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

 - and -

PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
Lewis R. Clayton (*pro hac vice* forthcoming)
Robert N. Kravitz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064

*Attorneys for Defendants Diamond Resorts International, Inc. and Jared T. Finkelstein*

PISANELLI BICE PLLC

By: /s/ *Todd L. Bice*
Todd L. Bice
Nevada Bar No. 4534
Ava M. Schaefer
Nevada Bar No. 12698
400 S. 7th Street, Suite 300
Las Vegas, NV 89101

 - and -

MILBANK, TWEED,
 HADLEY & McCLOY, LLP
Scott Edelman (*pro hac vice* forthcoming)
Alan Stone (*pro hac vice* forthcoming)
28 Liberty Street
New York, NY 10005

*Attorneys for Defendant David Berkman*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ *Maximilien D. Fetaz*
Adam K. Bult, Esq.
Nevada Bar No. 9332
Maximilien D. Fetaz, Esq.
Nevada Bar No. 12737
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

 - and -

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice* forthcoming)
Jefferson E. Bell (*pro hac vice* forthcoming)
200 Park Avenue
New York, NY 10166

Brian Lutz (*pro hac vice* forthcoming)
555 Mission Street
San Francisco, CA 94105

*Attorneys for Defendants Richard M. Daley, Frankie Sue Del Papa, Jeffrey W. Jones, David Palmer, Hope S. Taitz, Zachary D. Warren, and Robert Wolf*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

Defendants seek a brief, *interim* stay so that they can defer filing their motions to dismiss the Amended Complaint in its entirety until the Court has a chance to consider Defendants' motion to stay the entire case pending the U.S. Supreme Court's review of a Ninth Circuit decision in the *Emulex*[1] case (the "Joint Motion to Stay") [ECF No. 31].

Plaintiffs filed their Amended Complaint on December 17, 2018 [ECF No. 26]. Pursuant to an earlier scheduling order, the parties were to "meet and confer to set a reasonable schedule for Defendants to move, answer or otherwise respond to the [Amended Complaint], and for any

---

[1] *Emulex Corporation, et al. v. Varjabedian, et al.*, 888 F.3d 399 (9th Cir. 2018), No. 18-459, *cert. granted* 1/4/2019. A brief factual background of the *Emulex* matter is presented in the Joint Motion to Stay and is omitted here for purposes of judicial economy.

- 3 -

subsequent briefing." [ECF No. 25]. During the course of the parties' discussions on a briefing schedule, the Supreme Court granted the petition for certiorari in *Emulex,* a case that is potentially dispositive on whether Plaintiffs have a case here at all.

As discussed in the Joint Motion to Stay, Defendants proposed to Plaintiffs that the entire case should be stayed pending the Supreme Court's decision in *Emulex*. Plaintiffs declined to consent to such a stay. *See* Declaration of Robert N. Kravitz, Esq., attached. Accordingly, Defendants submitted the Joint Motion to Stay to seek a determination by the Court on that issue.

In this Motion, Defendants seek an *interim* stay while the Joint Motion to Stay is pending. Plaintiffs did not consent to an interim stay, either.[2] *Id.*

## II.
## ARGUMENT

Defendants' request for a brief, interim stay until resolution of the Joint Motion to Stay is warranted and prudent. A district court has discretionary power to stay proceedings in its own court. *Bd. of Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Bruns-Wit*, No. 2:14-CV-01087-MMD, 2015 WL 3725504, at *2 (D. Nev. June 15, 2015) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir.2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.1979) (finding that the rule applied regardless of nature of the separate proceedings and does not require that the issues in such proceedings are necessarily controlling of the action before the court.) "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12–cv–01168–MMD–CWH, 2012 WL 3532780, at *2 (D. Nev. Aug.

---

[2] The parties have not yet formally submitted a schedule for the motions to dismiss the Amended Complaint.

14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal.1997) (internal quotation marks omitted).

### A. Plaintiffs will not be Unfairly Prejudiced by Granting a Temporary Stay

Plaintiff will not suffer unfair prejudice as a result of a temporary stay pending resolution of the Joint Motion. It would be a waste of judicial resources and the parties' resources to brief the motions to dismiss the Amended Complaint before the Court has an opportunity to decide whether to grant a stay. Should the Court grant the Joint Motion, all proceedings, including Defendants' time to move to dismiss the Amended Complaint or file a responsive pleading, will be stayed until resolution of the *Emulex* case. If the Court denies the Joint Motion, Defendants will file their motions to dismiss the Amended Complaint pursuant to a schedule agreed upon by the parties and approved by the Court. In either case, the temporary stay afforded by this Motion for an interim stay will be of short duration, and will not unfairly prejudice Plaintiff in any way. Oral arguments at the U.S. Supreme Court in *Emulex* are set for Monday, April 15, 2019.[3]

### B. Defendants will be Subject to Unfairness if the Action is not Stayed

In contrast, Defendants will suffer hardship and inequity if the Court denies this Motion. In denying the Motion, Defendants would be forced to prepare and file motions to dismiss on issues that may be moot by resolution of the *Emulex* case or, alternatively, by granting the Joint Motion. A brief, interim stay will prevent unnecessary responsive pleadings, and the resulting fees and costs associated with the same. A denial of the Motion would lead to inefficiency and a lack of economy, both of which are unfairly prejudicial to Defendants.

### C. Granting the Interim Stay will Reduce the Amount of Judicial Resources Expended

Perhaps most significantly, an interim stay pending the Court's decision on the Joint Motion will conserve the Court's resources and will allow the Court to adjudicate this case in an efficient manner. As Defendants explain in the Joint Motion to stay, the forthcoming *Emulex* decision by the Supreme Court bears directly and potentially decisively on the legal issues at hand. Indeed, any written decision at all by the Supreme Court will provide substantial guidance to this Court and the parties in resolving this dispute. Even if that were not the case, if this Court

---

[3] Available at: https://www.supremecourt.gov/oral_arguments/calendars/MonthlyArgumentCalApril2019.html

denies this Motion, Defendants Proceeding in the absence of such guidance is inefficient, a waste of the Court's and all parties' resources.

## III.
## CONCLUSION

Good cause exists to stay these proceedings temporarily pending the Court's determination on the Joint Motion. For this reason, as well as the reasons explained above, Defendants request that the Court grant their Motion and Order an interim stay pending resolution of the Joint Motion.

DATED this 13th day of February, 2019.

SNELL & WILMER L.L.P.

By: /s/ *John S. Delikanakis*
John S. Delikanakis, Esq.
Nevada Bar No. 5928
David L. Edelblute, Esq.
Nevada Bar No. 14049
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169

 - and -

PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
Lewis R. Clayton (*pro hac* vice forthcoming)
Robert N. Kravitz (admitted *pro hac vice)*
1285 Avenue of the Americas
New York, New York 10019-6064

*Attorneys for Defendants Diamond Resorts International, Inc. and Jared T. Finkelstein*

PISANELLI BICE PLLC

By: /s/ *Todd L. Bice*
Todd L. Bice
Nevada Bar No. 4534
Ava M. Schaefer
Nevada Bar No. 12698
400 S. 7th Street, Suite 300
Las Vegas, NV 89101

- and -

MILBANK, TWEED,
 HADLEY & McCLOY, LLP
Scott Edelman (*pro hac vice* forthcoming)
Alan Stone (*pro hac vice* forthcoming)
28 Liberty Street
New York, New York 10005

*Attorneys forDefendant David Berkman*
BROWNSTEIN HYATT FARBER
 SCHRECK, LLP

By: /s/ *Maximilien D. Fetaz*
Adam K. Bult, Esq.
Nevada Bar No. 9332
Maximilien D. Fetaz, Esq.
Nevada Bar No. 12737
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

 - and -

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (*pro hac vice* forthcoming)
Jefferson E. Bell (*pro hac vice* forthcoming)
200 Park Avenue
New York, NY 10166

Brian Lutz (*pro hac vice* forthcoming)
555 Mission Street
San Francisco, CA 94105

*Attorneys for Defendants Richard M. Daley, Frankie Sue Del Papa, Jeffrey W. Jones, David Palmer, Hope S. Taitz, Zachary D. Warren, and Robert Wolf*

## CERTIFICATE OF SERVICE

I, JULIA M. DIAZ, hereby certify that on February 13, 2019, I electronically filed the foregoing document through the CM/ECF system, which will send notification of such filing to all registered participants as identified on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

DATED this 13th day of February, 2019.

                                                /s/ Julia M. Diaz
                                                An Employee of SNELL & WILMER L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200